## Alvah Kelley *versus* Oliver Taylor.

In an action of trespass brought before a justice of the peace, the filing a plea of title
to real estate takes away his jurisdiction of the case ; and it cannot be restored by
pleading over and joining an issue not involving the question of title.

Where in an action of trespass for taking and carrying away the plaintiff's cow, the
defendant pleaded that he was the owner of a close, and that the cow broke into
the close and that he thereupon impounded her, and the plaintiff replied that the
defendant injured the cow, and issue was taken on the injury, and after a trial
upon that issue the action was carried by appeal to the Common Pleas, and there
an amendment was allowed putting in issue the title to the close, it was *held*, that
the allowance of the amendment was erroneous.

   Trespass *de bonis asportatis* for taking the plaintiff's cow,
commenced before a justice of the peace   The defendant
filed before the justice a special plea, wherein he alleged that
he was, on the day of the supposed trespass, lawfully possess-
ed of a certain close, and that the cow broke into it and was
doing damage there, and that for that cause he took the cow
and impounded her.   The plaintiff replied, that the defendant
abused the cow thus impounded.   Upon this replication the

defendant took issue and went to trial before the justice. The case was carried up to the Court of Common Pleas by appeal from the justice's judgment upon the foregoing pleadings. At that court the plaintiff obtained leave to amend ; and thereupon he withdrew the replication filed before the justice, and replied *de suâ injuriâ absque tali causâ*, generally, tendering an issue to the country, which was joined by the defendant ; and a verdict was rendered for the plaintiff. The defendant thereupon moved that judgment be arrested, upon the ground that the justice had no jurisdiction in the case after the special plea was filed, but ought to have ordered the defendant to recognise to enter the action in the Court of Common Pleas, according to *St.* 1783, c. 42. This motion was disallowed by the Court of Common Pleas, and the defendant excepted to the decision.

*Buttrick*, in support of the exceptions, contended, 1. that the justice had no longer any jurisdiction, after the filing of the special plea. He could not retain the case until the pleadings should be closed, by which it should be seen whether the title would be put in issue or not. It is not the character of the issue, but of the plea, that determines the question of jurisdiction. If the justice ceased to have jurisdiction, an *appeal* from his judgment could not give jurisdiction to the Common Pleas. *Campbell v. Howard*, 5 Mass. R. 376 ; *Dewhurst v. Coulthard*, 3 Dallas, 409 ; *Wood v. Prescott*, 2 Mass. R. 174 ; *St.* 1783, c. 42, § 2 ; *Spear v. Bicknell*, 5 Mass. R. 129 ; *Blood v. Kemp*, 4 Pick. 169.

2. Supposing, that although the title was pleaded specially, yet that as it was not in issue, the justice had jurisdiction, still the defendant maintains that the Court of Common Pleas had no authority to grant the amendment. It was sitting as an appellate court, and as such its peculiar province was to revise and correct the proceedings below. It could render no judgment which the justice could not. Now the action, as it came up, presented the question of a mere personal tort, but by an issue formed in the Common Pleas upon leave to amend, a title to real estate was tried by that court, exercising justice jurisdiction. As an appellate court it could not try a title to real estate. Its jurisdiction over that subject is original, whether

*Kelley
v.
Taylor.*

*Feb. 27th*

Kelley
v.
Taylor.

the action be commenced there, or be carried there by a plea of title filed before a justice of the peace. In effect, the amendment in the Common Pleas changed a personal action into a real action ; but the court could not acquire jurisdiction in this way. The plea gave the defendant a right to try the title in the Supreme Court, but the case having gone into the Common Pleas by *appeal*, there could be no further appeal, and thus, by the amendment, the defendant is deprived of his right to a trial of the title in the Supreme Court. *Marbury* v. *Madison*, 1 Cranch, 174 ; *Strong* v. *Smith*, 2 Caines's R. 28.

*Hoar* and *Tufts*, for the plaintiff. The design of the legislature was to deny to a justice of the peace the power of trying a title to real estate. The title must be in question, as well as pleaded. If title is pleaded and not denied, but 's rendered of no consequence by pleading over, there seems to be no good reason why the justice should not try the cause.

When the plaintiff put in his replication to the plea of title, the defendant might have objected to its being received, but he did not ; on the contrary, he took issue upon it and after a trial, he appealed from the judgment of the justice and entered the action in the Common Pleas. This was a waiver of his right to bring the case up on the plea, and of his objection to the jurisdiction of the justice and of the Common Pleas.

*Buttrick*, in reply, to the point that consent could not give jurisdiction, cited *Green* v. *Rutherforth*, 1 Ves. Sen. 471 ; 12 Co. 78 ; *Carroll* v. *Richardson*, 9 Mass. R. 329 ; *Capron* v. *Van Noorden*, 2 Cranch, 126 ; *Low* v. *Rice*, 8 Johns. R 319 ; *Clayton* v. *Per Dun*, 13 Johns. R. 218.

Oct. 16th. *Per Curiam.* The question is, first, whether the plea of soil and freehold did not take away the jurisdiction of the justice of the peace ; and if so, then inasmuch as the party chose to put in issue the abuse of the cow, whether this did not restore the jurisdiction. We are of opinion that filing the plea took it away, and that it could not be thus restored. For suppose a replication to such a plea, and a rejoinder, surrejoinder, &c., the case might still go back to be decided or the plea

The next question relates to the amendment. We think it ought not to have been allowed. It changed the character of the cause. The action, as it went up to the Common Pleas, on the appeal from the justice of the peace, presented the issue of an injury to the plaintiff's cow, but the amendment put in issue the title to real estate. Now, though if the action had been commenced in the Court of Common Pleas, the amendment would have been allowable, yet acting as an appellate court it could not try any issue which might not have been tried before the justice. If the judgment of the justice had been on the same question as that of the Common Pleas, it would have shown that he had no jurisdiction. Further, where the action is carried up, pursuant to the statute, upon a plea of title to real estate, the parties have a right to appeal from the judgment of the Common Pleas to the Supreme Court; but the effect of sustaining the amendment would be, to withdraw the action from the justice by appeal, and have a trial on the question of title in the Common Pleas, and then no appeal to the Supreme Court would be allowable.